IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD MARTINEZ,

        Petitioner,

v.                                              No. 16-CV-00994-RJ-CG

FNU LNU,

        Respondent.

## ORDER TO CURE DEFICIENCY

**THIS MATTER** is before the Court on a letter from Petitioner Richard Martinez, which was docketed as a Petition Under 28 U.S.C. § 2254/2241 for a Writ of Habeas Corpus [Doc. 1]. In his letter, Petitioner indicates that he wishes to challenge his state pre-trial detention in a pending state criminal proceeding. [Doc. 1] "[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241." *Walk v. Edmondson*, 472 F. 3d 1227, 1235 (10th Cir. 2007). "[A] petitioner must use a standard form when submitting an application for habeas relief." *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1088 (10th Cir. 2008); *see also* Rules 1(b) and 2(d) of the Rules Governing Section 2254 Cases In the United States District Courts. Rule 2 of the Rules Governing Section 2254 Cases sets for the "the minimum pleading requirements for the content of a petition," *Kilgore*, 519 F.3d at 1088, and it provides, in relevant part, as follows:

    The petition must:

    (1) specify all the grounds for relief available to the petitioner;

    (2)  state the facts supporting each ground;

    (3) state the relief requested;

    (4) be printed, typewritten, or legibly handwritten; and

>(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Additionally, the petition must name as a respondent the state officer who currently has custody of the Petitioner. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Court; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (holding "that in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held"). If Petitioner wishes to pursue relief under 28 U.S.C. § 2241, he must file a § 2241 petition on the proper form that complies with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

The filing fee for a habeas corpus proceeding is $5.00. *See* 28 U.S.C. § 1914(a). If petitioner wishes to pursue relief under 28 U.S.C. § 2241, he must pay the $5.00 filing fee or submit an Application to Proceed in District Court Without Prepaying Fees or Costs.

Any papers that Petitioner files in response to this order must include the civil action number (16-CV-00994-RJ-CG). Failure to cure the designed deficiencies by October 12, 2016 may result in the dismissal of this proceeding without further notice.

**IT IS THEREFORE ORDERED** that, by October 12, 2016, Petitioner shall file: (1) a § 2241 petition on the proper form that complies with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; and (2) the $5.00 filing fee or an Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Petitioner, together with a copy of this Order, a form § 2241 petition with instructions and two copies each of an Application to Proceed in District Court Without Prepaying Fees or Costs.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE