# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RICHARD MARTINEZ,

    Petitioner,

v.                                                             No. 16-CV-00994-RJ-CG

FNU LNU,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, on Petitioner Richard Martinez's Amended Petition For a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 3] and Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C § 1915 [Doc. 4]. Because it appears from the financial information provided by Petitioner that he is unable to prepay the filing fee, Petitioner's Application to proceed *in forma pauperis* will be granted. For the reasons explained below, Petitioner's amended § 2241 petition will be dismissed as moot.

The following facts are derived from Petitioner's amended § 2241 petition and the attached exhibits. [Doc. 3] Petitioner is a pre-trial detainee in state custody in criminal case number D-113-CR-2015-263-VII. [Doc. 3 at 2] Petitioner originally was charged in magistrate court with aggravated burglary – felon in possession of a firearm, but on November 25, 2015 those charges were dismissed. [Doc. 3 at 3] Petitioner was "suppose[d] to be re-charged with a lesser charge of (Residential Burglary)," but "this never happened." [Doc. 3 at 6] Instead, "the initial charge was bound over" to district court. [Doc. 3 at 2] Petitioner contends that the state court

criminal charges violate his constitutional right to due process of law and seeks "immediate release" from pretrial detention. [Doc. 3 at 8]

A habeas petition pursuant to "§ 2241 is the proper avenue by which to challenge pretrial detention." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). A habeas petition pursuant to 28 U.S.C. § 2254, "on the other hand, is the proper avenue for attacking the validity of a [state court] conviction and sentence." *Yellowbear v. Wyoming Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). "Given the limited focus of typical pretrial-custody petitions under § 2241 . . ., such petitions become moot upon the conviction of the petitioner." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. June 22, 2009) (unpublished).

This Court may take judicial notice of the state court record in D-1113-CR-2015-00263. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court notes that on January 31, 2017, approximately four months after Petitioner's amended § 2241 petition was filed, Petitioner was found guilty following a jury trial of residential burglary in violation of N.M. Stat. Ann. § 30-16-3(A) and a judgment of conviction and sentence was imposed in D-1113-CR-2015-00263. *See* New Mexico Judiciary Case Lookup Application, https://caselookup.nmcourts.gov/caselookup/app. Petitioner filed a notice of appeal on February 23, 2017 and Petitioner's appeal currently is pending in the New Mexico Court of Appeals. *See id.* Because Petitioner no longer is in state pretrial detention, his amended § 2241 petition requesting immediate release from pretrial detention will be dismissed as moot.

This Court has the authority to recharacterize Petitioner's amended § 2241 petition as a § 2254 petition challenging his conviction and sentence in D-1113-CR-2015-00263. *See Castro v. United States*, 540 U.S. 375 (2003) (noting that federal courts may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different

2

legal category"). However, the Court declines to recharacterize Petitioner's amended § 2241 petition because Petitioner's direct criminal appeal currently is pending in the New Mexico Court of Appeals and, therefore, a § 2254 petition would be premature since Petitioner has failed to exhaust his state court remedies. *See Miller*, 331 F. App'x 610 (declining to recharacterize a § 2241 petition as a § 2254 petition because "a collateral federal attack on the conviction via habeas would still appear to be premature while direct appeal is pending in state court"); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). Furthermore, recharacterization of Petitioner's amended § 2241 petition as a § 2254 petition "would have potentially prejudicial consequence for any later habeas petition he may wish to pursue in the event his conviction is affirmed on appeal—which would then be his second petition directed to the same conviction and, as such, subject to the constraints on second or successive petitions in 28 U.S.C. § 2244(b)." *Miller*, 331 F. App'x at 610; *see also Yellowbear*, 525 F.3d at 924 (noting that "recharacterizaiton involves potential consequences with respect to any § 2254 claim [a petitioner] may file in the future" because there are "strict limitations on second or successive claims") (internal quotation marks and citations omitted). Because recharacterization of Petitioner's amended § 2241 petition as a § 2254 petition would be "procedurally problematic and practically prejudicial," *Miller*, 331 F. App'x at 610-11, the Court declines to recharacterize Petitioner's pro se pleading.

Pursuant to Rules 1(b) and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court will deny a certificate of

3

appealability.

IT IS THEREFORE ORDERED that Petitioner's Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C § 1915 [Doc. 4] is GRANTED;

IT IS FURTHER ORDERED that Petitioner's Amended Petition For a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 3] is DISMISSED as moot; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE